# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENYA BROWN,<br>    Plaintiff, | : | |
| v. | : | No. 3:17-cv-53 (SRU) |
| RICHARD P. BENOIT, et al.,<br>    Defendants. | : | |

## RULING ON MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff Kenya Brown, currently incarcerated at Cheshire Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983. Brown challenges the constitutionality of the directive regarding dental care and alleges that the defendants are deliberately indifferent to his dental needs. Pending is Brown's motion for temporary restraining order and preliminary injunction seeking dental treatment. For the reasons that follow, the motion is denied without prejudice.

I.    Allegations

In this action, Brown alleged that the defendants, dentists Dr. Benoit and Dr. Lichtenstein, have been deliberately indifferent to his dental needs. Dr. Benoit has failed to ensure adequate staffing to meet the dental needs of Connecticut inmates. Inmates have been subjected to an extraction-only policy. They have been denied cleanings and are subjected to unreasonable wait times for treatment.

In this motion, Brown alleges that he has been without his partial denture since May 19, 2016,[1] when correctional staff discarded the denture. He also continues to suffer pain in one of his teeth. A filling became dislodged leaving a large hole in the tooth. In addition, Brown suffers from a medical condition that prevents pain from being relieved by local anesthetics.

II.     Standard

District courts may grant interim injunctive relief, in the form of a preliminary injunction or temporary restraining order "where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citations and internal quotation marks omitted). When the moving party seeks mandatory relief that "alters the status quo by commanding some positive act," however, the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citation and internal quotation marks omitted). The court should not grant mandatory injunctive relief absent "a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citation omitted). Here, Brown seeks mandatory relief requiring the defendants to make changes to the prison administration and to override valid

---

[1] Although Brown referred to a May 19, 2017 date in his papers, the court assumes that Brown meant May 19, 2016. *See* Decl., ECF No. 11 at 16, ¶ 8.

disciplinary sanctions. Thus, he must meet the higher standard. *Accord Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir 2000) (proof required "to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion"); *Johnson v. Wickersham*, 2014 WL 4897387, at *3 (E.D. Mich. Sept. 11, 2014) ("the evidentiary threshold for obtaining preliminary injunctive relief is much higher than that required to survive summary judgment, and certainly higher than the *Iqbal* standard of merely showing a 'plausible claim'").

Prison officials must be afforded broad discretionary authority because the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Federal courts are extremely reluctant to interject themselves into the day-to-day administration of state correctional institutions. *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973) (explaining that reluctance of federal courts to interfere in state judicial proceedings applies equally to state administrative concerns, such as running correctional facilities). Prison officials must balance their responsibilities for maintaining internal order and discipline, securing the correctional facilities and rehabilitating the inmates. The problems faced by prison officials are "complex and intractable," and "not readily susceptible of resolution by decree." *Procunier v. Martinez*, 416 U.S. 396, 405 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989); *see also Sandin v. Conner*, 515 U.S. 472, 482 (1995) (reiterating that federal courts should "afford appropriate deference and flexibility" to state prison officials). The Prison Litigation Reform Act also imposes restrictions on preliminary injunctive relief. Any relief must be "narrowly drawn" and "extend no further than necessary to correct the harm"; it must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

III.    Analysis

Brown seeks an order that he be taken to the University of Connecticut Health Center for immediate dental treatment and that he be provided a new partial denture. In response, the defendants state that Brown's lost filling was addressed in the Cheshire dental unit on November 10, 2016. They refer the Court to dental records submitted by Brown as exhibits to his complaint. *See* Doc. #1-1 at 2. Because Brown did not file this motion until several months after the November 2016 dental appointment, I assume that he does not consider the lost filling to have been addressed.

The defendants further state that Dr. Benoit has approved a replacement denture. The partial denture cannot be made, however, until Brown undergoes a cleaning, dental x-rays and treatment of any other dental issues. A dental appointment for this purpose was held on March 27, 2017, and further restorative work is scheduled to begin on June 20, 2017.

In light of the defendants' representations that Brown is now receiving care that will permit him to be provided with a replacement partial denture and will also address any other dental issues, I conclude that Brown will not suffer irreparable harm should this motion be denied. If the lost filling has not been adequately treated, Brown can obtain further treatment for that tooth at the next scheduled appointment.

IV.    Conclusion

Brown's motion for temporary restraining order and preliminary injunction [**Doc. #11**] is **DENIED** without prejudice.

**SO ORDERED** this 5th day of June 2017, at Bridgeport, Connecticut.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge